UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FEDNIE MATHIEU ANDUZE,

        Plaintiff,
vs.

BAYVIEW LOAN SERVICING, LLC

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, FEDNIE MATHIEU ANDUZE, by and through undersigned counsel, brings this action against the Defendant, BAYVIEW LOAN SERVICING, LLC ("BAYVIEW"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violations of the Real Estate Settlement Procedures Act, 12 U.S.C § 2601, *et seq.* ("RESPA"), and its implementing regulation, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"), and for Defendant's breach of contract.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant, BAYVIEW was and is a foreign limited liability company, incorporated under the laws of the State of Delaware, has a principal address as 4425 Ponce De Leon Blvd., 4th Floor, Coral Gables, FL 33146, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

10. At some point in time prior to the violations alleged herein, BAYVIEW was hired to service the subject loan.

11. At all times material hereto, BAYVIEW, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation

*TL-9124*

owned by BAYVIEW and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 16392 SW 48th Street, Hollywood, Florida 33027.

12. At all times relevant to this Complaint, BAYVIEW was and is a "person" as said term is defined under Fla. Stat. § 1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

13. At all times relevant to this Complaint, BAYVIEW regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

14. At all times relevant to this Complaint, BAYVIEW regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

15. At all times relevant to this Complaint, BAYVIEW was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. According to Defendant's Transfer of Service Notice dated March 4, 2014, BAYVIEW began servicing the subject loan on February 28, 2014, after it was already in default.

17. BAYVIEW sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a Promissory Note secured by a mortgage on Plaintiff's primary residence.

18. The alleged debt arises from Plaintiff's ownership of the house which, when purchased, was her primary residence, and where she currently resides

19. Upon information and belief, BAYVIEW was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt

*TL-9124*

20. At all times material hereto, BAYVIEW, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

21. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

22. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

23. On or about August 9, 2005, Plaintiff entered into a fixed rate promissory note agreement with Ameriquest Mortgage Company (the "Note").

24. The Note was secured by a mortgage on Plaintiff's residence located at 16392 SW 48th Street, Hollywood, Florida 33027 (the "Mortgage").

25. Plaintiff's residence is a residential structure containing one to four family housing units.

26. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

27. On or about December 21, 2012, a foreclosure action was filed against Plaintiff in Broward County, Florida, bearing Case No. CACE1235285 (the "Foreclosure").

28. After being served with the Foreclosure papers, Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save her home.

29. Given that Plaintiff has owned and lived in her home since 2005, Plaintiff was eager to pursue every available remedy and protection afforded to her by Congress or otherwise.

TL-9124

30. On December 20, 2013, BAYVIEW sent Plaintiff, through her counsel, a "Stipulation Agreement" to modify Plaintiff's loan (hereinafter the "Agreement").

31. A true and correct copy of the Agreement is attached hereto as Exhibit "A".

32. Per the Agreement, Plaintiff was required to make a down payment in the amount of $1,500.00, and trial payments in the amount of $1,492.07 thereafter for six months. *See* Exhibit "A".

33. Additionally, Plaintiff was required to sign the Agreement and the attached "Modification Adjustment Agreement". *See* Exhibit "A".

34. The Agreement states the "servicer agrees to suspend foreclosure confirmation proceedings as long as you comply with the terms of this Stipulation Agreement." *See* Exhibit "A".

35. Page 2 of the Agreement includes a table of how Plaintiff's loan will be modified if she complies with the terms of the Agreement. *See* Exhibit "A".

36. Plaintiff executed the Agreement and the "Modification Adjustment Agreement and paid the $1,500.00 down payment to BAYVIEW.

37. Thereafter, Plaintiff made the first month's payment of $1,492.07 timely to BAYVIEW.

38. On or about January 28, 2014, Plaintiff received a "Transfer Servicing Letter" from FCI Lender Services, Inc. ("FCI"), stating that the servicing of Plaintiff's mortgage loan is being transferred, effective January 15, 2014, and that FCI will be collecting all mortgage loan payments from said date forward.

39. Plaintiff then began making her monthly trial payments to FCI for the months of February 2014, March 2014, and April 2014.

*TL-9124*

40. Thereafter, it came to Plaintiff's attention that the servicing of her mortgage loan had been transferred back to BAYVIEW, effective February 28, 2014.

41. As such, Plaintiff made her last two trial payments for May 2014 and June 2014 to BAYVIEW.

42. After reviewing an April 2014, mortgage statement, Plaintiff had legitimate concerns about specific charges that were being added to Plaintiff's account.

43. In an effort to utilize the protections afforded to consumers by Congress, on or about June 6, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to BAYVIEW a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). BAYVIEW received Plaintiff's RFI on or about June 9, 2014.

44. A true and correct copy of same is attached as Exhibit "B".

45. Plaintiff's RFI asked BAYVIEW, among other things to provide a detailed explanation and documentation to support: (1) $6,211.00 in fees labeled as "Fees' in the "Past Payment breakdown"; (2) $503.80 in fees labeled as "Late Charges"; (3) $710.00 on 12/10/14, and $2,845.00 on 3/5/14 in fees labeled as "Attorney Advance Disbursement"; (4) $11.00 in fees labeled as "Property Preservation Disbursement" on 1/3/14; and (5) $456.28 in fees labeled as "Statutory Expense Disbursement" on 3/5/14.

46. BAYVIEW, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

47. BAYVIEW, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". See 12 C.F.R. § 1024.36(d).

48. On June 11, 2014, BAYVIEW provided a written acknowledgment of Plaintiff's RFI.

49. However, thereafter, Plaintiff did not hear back from BAYVIEW.

50. In an attempt to amicably resolve the above issues, Plaintiff's counsel sent BAYVIEW a reminder that Plaintiff had not received a response to Plaintiff's RFI. Plaintiff's counsel even informed BAYVIEW that if additional time was needed to respond to Plaintiff's RFI, additional time may be requested.

51. A true and correct copy of the letter is attached hereto as Exhibit "C".

52. To date, BAYVIEW has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(2)(i)(B).

53. Despite BAYVIEW's noncompliance with Regulation Z, Plaintiff continued to make monthly payments to BAYVIEW.

54. Having not received a permanent modification of her loan after full compliance with the terms of the Agreement, Plaintiff's counsel, on behalf of Plaintiff, sent BAYVIEW a notice of error pursuant to 12 C.F.R. § 1024.35 on September 17, 2014 ("Plaintiff's NOE").

55. A true and correct copy of same is attached hereto as Exhibit "D".

56. Plaintiff's NOE deemed BAYVIEW's failure to honor its offer to modify Plaintiff's loan, which was accepted and fully performed, in error pursuant to 12 C.F.R. § 1024.35(b)(11).

57. BAYVIEW was obligated to acknowledge receipt of the notice of error within five (5) business days pursuant to 12 C.F.R. § 1024.35(d).

58. BAYVIEW was required to respond to this "error" within (30) business days thereafter, by either: (1) "correcting the error" and providing notification of the correction; or (2)

*TL-9124*

if BAYVIEW determined no error occurred, BAYVIEW was required to provide a statement with the reason for said determination and a statement of Plaintiff's right to request documentation that BAYVIEW relied on in reaching its determination that no error occurred. *See* 12 C.F.R. § 1024.35(e)(1)(i).

59. On October 22, 2014, BAYVIEW responded to Plaintiff's NOE (hereinafter the "Response").

60. A true and correct copy of the Response is attached hereto as Exhibit "E".

61. The Response confirmed Plaintiff was approved for the Agreement and that "all payments under the agreement were received and applied toward the account accordingly. However, the loan modification conversation was not completed accordingly." *See* Exhibit "E".

62. As such, BAYVIEW acknowledged that Plaintiff complied with the terms of the Agreement and that she has not received her permanent modification despite same.

63. BAYVIEW neither corrected the error nor stated that no error had occurred, in violation of 12 C.F.R. § 1024.35(e)(1)(i).

64. To date, Plaintiff has not received a permanent modification despite compliance with all terms of the Agreement.

65. Even more concerning, Plaintiff is in receipt of a mortgage statement dated October 16, 2014, whereby Plaintiff has a "Late Charge Balance" of $705.32 despite having timely been making payments since January 2014, and there is a "Property Preservation Disbursement" of $14.00 on October 6, 2014.

66. It is inconceivable that BAYVIEW should be permitted to charge late fees and conduct property inspections on Plaintiff's property when Plaintiff's mortgage loan should have been permanently modified in June 2014.

*TL-9124*

**COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)**

67. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 66.

68. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

69. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

70. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

TL-9124

71. BAYVIEW has failed to comply with 12 12 C.F.R. § 1024.35(e)(1)(i) in that BAYVIEW did not provide a proper response to a notice of error asserted under 12 C.F.R. § 1024.35(b). As such, BAYVIEW has violated 12 U.S.C. § 2605(k)(1)(C).

72. BAYVIEW has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) in that BAYVIEW did not provide a written response to a request for information within the required timeframe. As such, BAYVIEW has violated 12 U.S.C. § 2605(k)(1)(E).

73. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

74. Plaintiff is entitled to actual damages as a result of Defendant, BAYVIEW's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to BAYVIEW's failure comply with RESPA. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

75. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of BAYVIEW's pattern or practice of

*TL-9124*

noncompliance with Regulation X and RESPA.

76. In this case alone, BAYVIEW has violated multiple provisions of Regulation X and RESPA.

77. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to BAYVIEW, relating to other clients under the applicable statutes, in which BAYVIEW failed to acknowledge or adequately respond as required by law.

78. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II –BREACH OF CONTRACT

79. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 66.

80. The Agreement was an offer to contract, which Plaintiff accepted by signing the appropriate documents.

81. Plaintiff completed the terms of the Agreement by making the down payment and the six (6) trial period payments, and as such, fully performed her obligations under the contract.

82. Plaintiff reasonably believed her loan would be permanently modified according to the payment schedule on page 2 of the Agreement.

83. BAYVIEW had a duty to perform in good faith pursuant to the terms of contract.

84. BAYVIEW had a duty to permanently modify Plaintiff's loan based on the terms of the Agreement, which had been fully performed by Plaintiff.

85. BAYVIEW materially breached its duties under the contract by failing to perform its obligation to permanently modify Plaintiff's loan in accordance with the agreed upon terms.

86. BAYVIEW did not suspend the Foreclosure proceeding as BAYVIEW stated it

would do in the Agreement. *See* Exhibit "A".

87. As a direct and proximate cause of BAYVIEW's material breach, Plaintiff has been damaged.

88. Plaintiff attempted to mitigate her damages by making four (4) consecutive payments beyond payment schedule in the Agreement, by contacting BAYVIEW on multiple occasions, and by sending a notice of error.

89. Plaintiff's damages include but are not limited to: (1) costs incurred in sending correspondences to mitigate their damages; (2) emotional distress, pain and suffering, humiliation, and embarrassment; and (3) reasonable attorney's fees in Plaintiff's having to hire Loan Lawyers, LLC, in this action; and (4) reasonable attorney's fees in Plaintiff's having to continue to employ Loan Lawyers, LLC, to litigate the Foreclosure.

## COUNT III – VIOLATION OF FDCPA

90. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 66.

91. Section 1692e(2) of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(2) **The false representation of—**
   (A) **the character, amount, or legal status of any debt**; or
   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15 U.S.C. § 1692e(2)(emphasis added)

92. Exhibit "E" was an attempt to collect a debt.

93. The charge of $705.32 in late fees to Plaintiff's mortgage loan account is a false

*TL-9124*

representation of the character and amount of fees due and owing.

94. The charge of $14.00 for a property inspection in October 2014 is a false representation of a service rendered.

95. Defendant also charged Plaintiff $14.00 for property inspections that should not have occurred as Plaintiff was making his monthly payments for the home in which she lived.

96. Section 1692f(1) states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, **fee**, **charge, or expense** incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**.

15 U.S.C. § 1692f(1)(emphasis added)

97. The charge of $705.32 in late fees to Plaintiff's mortgage loan account is a fee, which is not expressly authorized by the agreement creating the debt or permitted by law considering Plaintiff has not made any late payments during the period of time at issue.

98. The charge of $14.00 for a property inspection in October 2014 is a charge and/or expense that is not expressly authorized by the agreement creating the debt or permitted by law in that such fee is not "reasonable" in light of the fact that Plaintiff has complied with the terms of the Agreement and should have received a permanent modification.

99. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692c(b).

100. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

*TL-9124*

## COUNT IV –VIOLATION OF FCCPA

101. Florida Statutes § 559.72(9) states:

"In collecting debts, no person shall…

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

102. The charge of $705.32 in late fees to Plaintiff's mortgage loan account is a claim or an attempt to enforce a debt that BAYVIEW knows is not legitimate.

103. Defendant also charged Plaintiff $14.00 for property inspections that should not have occurred as Plaintiff was making his monthly payments for the home in which he lived

104. The conducting of property inspections when Plaintiff fully complied with the terms of the Agreement is the assertion of a legal right when BAYVIEW knows this right does not exist.

105. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes § 559.72(9).

106. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

107. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

108. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

TL-9124

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, FEDNIE MATHIEU ANDUZE, respectfully asks this Court to enter an order granting judgment for the following:

(a) That BAYVIEW be required to provide Plaintiff with a permanent modification that complies with the terms of the Agreement;

(b) That BAYVIEW remove $705.32 in late fees and any property inspection fees that have been charged to Plaintiff's mortgage loan account since June 15, 2014;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f), Fla. Stat. §559.77(2), and 15 U.S.C. § 1692k; and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, FEDNIE MATHIEU ANDUZE, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786

*TL-9124*